UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────────┐
│ USDC SDNY                                │
│ DOCUMENT                                  │
│ ELECTRONICALLY FILED                      │
│ DOC #:_____                   │
│ DATE FILED:  10/17/2022                   │
└─────────────────────────────────────────┘
```

UNITED STATES OF AMERICA,

-v-

BOBBY L. HUGHLEY,

Defendants.

98-cr-695 (MKV)

NOTICE OF REASSIGNMENT
AND SCHEDULING ORDER

MARY KAY VYSKOCIL, United States District Judge:

Mr. Hughley has called Chambers several times to ask whether the Court will appoint him counsel.  In an Opinion & Order dated July 20, 2022, Judge Keenan denied without prejudice to renewal Mr. Hughley's application for the appointment of counsel [ECF No. 45].  Thereafter, Judge Keenan retired, and this case was reassigned to my docket [ECF No. 47].  I am enclosing for Mr. Hughley's review Judge Keenan's Opinion & Order on Mr. Hughley's application for the appointment of counsel.

As Judge Keenan stated in his decision, Mr. Hughley may renew his application for the appointment of counsel, setting forth (1) the claims he will raise in his contemplated ineffective assistance motion and the factual basis for his claims, and (2) information concerning his current financial eligibility.  Alternatively, Mr. Hughley may file his contemplated ineffective assistance motion *pro se*.  Accordingly, IT IS HEREBY ORDERED that Mr. Hughley shall file either a renewed application for the appointment of counsel, including the information set forth above, or a *pro se* ineffective assistance motion by December 1, 2022.

The Court is mailing a copy of this Order to Mr. Hughley.

**SO ORDERED.**

**Date:  October 17, 2022**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 45
DATE FILED: 7/20/22

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X
UNITED STATES OF AMERICA            :
                                    :
        -against-                   :          No. 98 Cr. 695 (JFK)
                                    :
BOBBY HUGHLEY,                      :          **OPINION & ORDER**
                                    :
                    Defendant.      :
------------------------------------X

APPEARANCES

FOR DEFENDANT BOBBY HUGHLEY:
    Pro Se

**JOHN F. KEENAN, United States District Judge:**

On July 11, 2022, the Court received a letter ("Letter")

from Defendant Bobby Hughley ("Hughley") requesting the

appointment of counsel to assist him with the filing of an

"ineffective assist[ance] of counsel motion." By way of

background, Hughley was convicted by a jury on March 22, 1999,

of two counts of making false statements in connection with the

receipt of federal disability benefits in violation of 18 U.S.C.

§ 1920. On September 9, 1999, the Court sentenced Hughley to

twelve months and one day of imprisonment, followed by three

years of supervised release. On direct appeal, the Second

Circuit affirmed Hughley's conviction and sentence. See United

States v. Hughley, 216 F.3d 1074 (2d Cir. 2000) (Table

Decision). Hughley has not previously filed a motion to vacate

his sentence pursuant to 28 U.S.C. § 2255. For the reasons set

1

forth below, Hughley's request for the appointment of counsel is DENIED without prejudice.

**I. Discussion**

The Court begins by noting that criminal defendants do not have a constitutional right to the assistance of counsel in connection with motions for post-conviction relief. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). District courts are under no obligation "to appoint counsel for prisoners who indicate, without more, that they wish to seek post-conviction relief." Johnson v. Avery, 393 U.S. 483, 488 (1969). Instead, "the initial burden of presenting a claim to post-conviction relief usually rests upon the indigent [defendant] himself with such help as he can obtain . . . ." Id.

District courts do, however, have discretion to appoint counsel for financially eligible defendants when "the interests of justice so require." 18 U.S.C. § 3006(A)(2). In determining whether the "interests of justice" require the appointment of counsel, district courts in this Circuit first consider "whether the indigent's position seems likely to be of substance." Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1985); see also Cofield v. United States, No. 17 Cr. 610 (LGS), 2022 WL 1177346, at *2 (S.D.N.Y. Mar. 14, 2022) ("For the Court to order the appointment of counsel, the [defendant] must, as a threshold matter, demonstrate that his claim has substance or a likelihood

2

of success on the merits." (citing Hodge, 802 F.2d at 61-61)).
In making such a determination, the Court must decide whether,
"the claims asserted by the plaintiff may have merit, or the
plaintiff appears to have some chance of success." Ferrer v.
Artus, No. 04 Civ. 5063 (RMB), 2005 WL 1653878 at *2-3 (S.D.N.Y.
July 12, 2005) (internal quotation marks and citations omitted).
"If the claim meets this threshold requirement, the court should
then consider the indigent's ability to investigate the crucial
facts, whether conflicting evidence implicating the need for
cross-examination will be the major proof presented to the fact
finder, the indigent's ability to present the case, the
complexity of the legal issues and any special reason in that
case why appointment of counsel would be more likely to lead to
a just determination." Hodge, 802 F.2d at 61-62.

At present, the Court in unaware of the nature and
substance of Hughley's ineffective assistance of counsel claim.
In his two paragraph Letter, Hughley requests that the Court
"appoint a[n] attorney to file [an] ineffective assist[ance] of
counsel motion." The Letter is accompanied by hundreds of pages
of documents that appear to be related to Hughley's criminal
case and a civil action he filed against the United States
Postal Service in 1986. The Letter does not explain the
relevance of the various documents and provides no information
about the substance of Hughley's ineffective assistance claim.

3

Without more, the Court is unable to evaluate the merits of his
contemplated "ineffective assist[ance] of counsel motion."
Accordingly, Hughley's application for the appointment of
counsel is denied without prejudice.  Hughley is granted leave
to file a new application for the appointment of counsel setting
forth (1) the claims he will raise in his contemplated motion
and, to the extent he is able to do so, the factual basis for
his claims, and (2) information concerning his current financial
eligibility.

**SO ORDERED.**

Dated:   New York, New York
         July 26, 2022

 

John F. Keenan
United States District Judge

4